# EXHIBIT A

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF RICE** | **THIRD JUDICIAL DISTRICT** |
| | Case Type: Other Civil |

| | |
|---|---|
| Nicole Foss, | Court File No.: |
| Plaintiff, | Judge: |
| vs. | **Summons** |
| Experian Information Solutions, Inc. and Home Point Financial Corp, | |
| Defendants. | |

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

Hyde & Swigart
120 S. 6th St., Suite 2050
Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**HYDE & SWIGART**

Date: May 24, 2019                    By:/s/ Anthony Chester
                                     Anthony P. Chester (Bar No. 0396929)
                                     Robert L. Hyde (Bar No. 035109X)
                                     **HYDE & SWIGART**
                                     120 South 6th Street, Suite 2050
                                     Minneapolis, MN 55402
                                     Telephone:  (952) 225-5333
                                     Facsimile:   (800) 635-6425
                                     Email: tony@westcoastlitigation.com

                                     *Attorneys for Nicole Foss*

STATE OF MINNESOTA           DISTRICT COURT
COUNTY OF RICE           THIRD JUDICIAL DISTRICT
          Case Type: Other Civil

| | |
|---|---|
| Nicole Foss,<br><br>       Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc.<br>and Home Point Financial Corp.,<br><br>       Defendants. | Court File No.:<br>Judge:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information

on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.  The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3.  Nicole Foss ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Experian Information Solutions, Inc. ("Experian") and Home Point Financial Corp. ("Home Point") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4.  Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness and credit reputation.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendants took place in Minnesota.

7.  Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8.  Through this complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

### PARTIES, JURISDICTION, AND VENUE

9.  Jurisdiction of this Court arises pursuant to general state jurisdiction.

10. Plaintiff is an individual residing in the County of Rice, State of Minnesota.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is an entity doing business in the State of Minnesota.

13. Defendant Experian's registered agent address is: CT Corporation Systems Inc., 1010 Dale St. N., St. Paul, Minnesota 55117.

14. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

15. Defendant Home Point is an entity doing business in the State of Minnesota.

16. Defendant Home Point's registered agent address is: Corporation Service Company, 2345 Rice Str. #230, Roseville MN 55113.

17.  The creditor named herein, Home Point, is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

18.  Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

19.  Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

20.  Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendant was the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which Defendant is liable to Plaintiff or the relief prayed for herein.

21.  Venue lies with this Court pursuant to Minn. Stat. § 542.01 because that is where the events or omissions giving rise to this action occurred.

### FACTUAL ALLEGATIONS

### *Plaintiff's Chapter 7 Bankruptcy*

22. On or about January 12, 2018, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Minnesota pursuant to 11 U.S.C. § 1301 *et seq.* Plaintiff's case was assigned Case Number 18-30095 (the "Chapter 7" or "Bankruptcy").

23. Plaintiff's obligations to Capital One ("CapOne"), Harley-Davidson ("Harley"), JPMorgan Chase Bank, N.A. ("Chase"), and Home Point were scheduled in the Bankruptcy and/or CapOne, Harley, Chase, and Home Point or their predecessors in interest, received notice of the Bankruptcy.

24. Plaintiff received a discharge on April 25, 2018.

25. Accordingly, any debt (if a debt existed at all) to CapOne, Harley, and Chase was discharged through the Bankruptcy on April 25, 2018.

26. It is illegal and inaccurate for Experian to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

27. However, Experian either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

28. Experian's reporting post-Bankruptcy derogatory information was inaccurate and materially misleading.

### *Plaintiff's Reaffirmation*

29. On or about December 2014, Plaintiff incurred a debt with Home Point to finance a home. This debt was placed under a "Home Point Financial Corp." account with an account number beginning with 3080 (the "Home Point Account").

30. After the bankruptcy filing and before the discharge, Home Point Account was reaffirmed and the signed reaffirmation agreement instructed monthly payments to continue despite the Bankruptcy proceedings.

31. Complying with the reaffirmation agreement, Plaintiff paid monthly on the Home Point Account.

32. Despite the reaffirmation, Experian and Home Point failed to report that Plaintiff's reaffirmed the debt with Home Point and continued to report that Plaintiff had not been making monthly payments.

33. It is illegal and inaccurate for Experian and Home Point to report any derogatory information after the debt had been reaffirmed.

34. Experian and Home Point reporting of derogatory information was inaccurate and materially misleading in that Defendants continued reporting information based on Home Point's original contract terms with the Plaintiff, which were no longer enforceable upon Plaintiff's reaffirmation, thereby rendering the disputed information "inaccurate" and/or "materially misleading."

### *Defendants' Non-Compliance with Metro 2 Standards*

35. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

36. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

37. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

38. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

39. On information and belief, Defendants adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

40. Despite Metro 2 Format's instructions, Defendants failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below.

41. To this end, the adverse reporting on the Plaintiff's report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

42. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

### *Experian's Inaccurate Reporting of the CapOne Account*

43. In Plaintiff's credit report from Experian dated October 11, 2018, Experian failed to report the account "Capital One Account" with an account number beginning with 4003 ("CapOne Account") as closed with a $0 account balance and $0 scheduled payment amount.

44. Due to Plaintiff's bankruptcy filing on January 12, 2018, Experian was required to report $0.00 on the CapOne Account's account balance and scheduled payment amount.

45. It was therefore inaccurate for Experian to report on or after January 12, 2018 that the CapOne Account contained an account balance.

46. As of the bankruptcy discharge on April 25, 2018, Plaintiff had a $0.00 account balance on the CapOne Account and the account was closed.

47. It was therefore inaccurate for Experian to report on or after April 25, 2018 that the CapOne Account was open or otherwise contained an account balance and a scheduled payment amount due.

### *Experian's Inaccurate Reporting of the Harley Account*

48. In Plaintiff's credit report from Experian dated sometime after April 25, 2018, but before September 5, 2018, Experian failed to report the Harley Account with an account number beginning with 2013 ("Harley Account") as closed with a $0 account balance and $0 scheduled payment amount owed.

49. Due to Plaintiff's bankruptcy filing on January 12, 2018, Experian was required to report $0.00 on the Harley Account's account balance and scheduled payment amount.

50. It was therefore inaccurate for Experian to report on or after January 12, 2018 that the Harley Account contained an account balance and a scheduled payment amount.

51. As of the bankruptcy discharge on April 25, 2018, Plaintiff had a $0.00 account balance on the Harley Account and the account was closed.

52. It was therefore inaccurate for Experian to report on or after April 25, 2018 that the Harley Account was open or otherwise contained an account balance and a scheduled payment amount due.

### *Experian's Inaccurate Reporting of the Chase Account*

53.   In Plaintiff's credit report from Experian dated sometime after April 25, 2018, but before September 5, 2018, Experian failed to report the Chase Account with an account number beginning with 4266 ("Chase Account") as closed with a $0 account balance and $0 scheduled payment amount owed.

54.   Due to Plaintiff's bankruptcy filing on January 12, 2018, Experian was required to report a $0.00 on the Chase Account's account balance and scheduled payment amount owed.

55.   It was therefore inaccurate for Experian to report on or after January 12, 2018 that the Chase Account contained an account balance.

56.   As of the bankruptcy discharge on April 25, 2018, Plaintiff had a $0.00 account balance on the Chase Account and the account was closed.

57.   It was therefore inaccurate for Experian to report on or after April 25, 2018 that the Chase Account was open or otherwise contained an account balance and a scheduled payment amount due.

### *Experian and Home Point's Inaccurate Reporting*

58.   In Plaintiff's credit report from Experian dated sometime after April 25, 2018, but before September 5, 2018, Experian and HomePoint failed to report that the Home Point Financial Account with an account number beginning with 4266 ("Home Point Account") was reaffirmed and that Plaintiff had been making payments on this account.

59. After this reaffirmation, Plaintiff made monthly payments on the loan in the Home Point Account.

60. Due to Plaintiff's monthly payments Experian and Home Point was required to report actual payments on Plaintiff's credit report.

61. Experian and Home Point failed to report actual payments on the Home Point Account from May 2018 to August 2018.

62. It was therefore inaccurate for Experian and Home Point to report that the Home Point Account did not have actual payments.

### *Plaintiff's Dispute*

63. On or after September 5, 2018, Plaintiff disputed Experian's reporting regarding the Capital One Account, Harley Account, Chase Account, and the Home Point Account pursuant to 15 U.S.C. § 1681i by notifying Experian, in writing, of the incorrect and inaccurate credit information.

64. Specifically, Plaintiff sent a letter to Experian, requesting the above inaccurate and incorrect derogatory information be updated, modified or corrected as to the Capital One Account, Harley Account, Chase Account, and the Home Point Account.

65. Experian was required to conduct a reinvestigation into this specific debt on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

66. Upon information and belief, Experian notified CapOne, Harley, Chase, and Home Point of Plaintiff's dispute.

67. Home Point was required to conduct an investigation into the Home Point Account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b).

68. A reasonable investigation by Experian would have indicated that it was reporting the Capital One Account, Harley Account, and Chase Account inaccurately.

69. A reasonable investigation by Experian and Home Point would have indicated that they were reporting the Home Point Account inaccurately.

70. Instead, Defendants re-reported the accounts inaccurately.

### *Experian's Continued Inaccurate Reporting of the CapOne Account*

71. On Experian dispute results dated October 11, 2018, Experian failed to report the Capital One Account as closed, and reported the CapOne Account had a "before dispute" and "after dispute" account balance of $288 on February 2018.

72. Experian also reported the CapOne Account had a "before dispute" and "after dispute" scheduled payment amount of $14 from February 2018 to June 2018.

73. In fact, according to the Experian dispute results, Experian did not update the Capital One Account at all in response to Plaintiff's dispute.

### *Experian's Continued Inaccurate Reporting of the Harley Account*

74. On Experian dispute results dated October 11, 2018, Experian failed to report the Harley Account as closed, and reported the Harley Account had "before dispute" and "after dispute" account balances of:

74.1. $8 in February 2018, March 2018, and May 2018;

74.2.  $237 in April 2018;

74.3.  $40 in June 2018; and

74.4.  $408 in July 2018.

75.  Experian also inaccurately reported the Harley Account had "before dispute" and "after dispute" scheduled payment amounts of:

75.1.  $8 in February 2018, March 2018, and May 2018;

75.2.  $30 in April 2018, June 2018, and July 2018; and

75.3.  $22 in August 2018.

76.  In fact, according to the Experian dispute results, Experian did not update the Harley Account at all in response to Plaintiff's dispute.

### *Experian's Continued Inaccurate Reporting of the Chase Account*

77.  On Experian dispute results dated October 11, 2018, Experian failed to report the Chase Account as closed, and reported the Chase Account had "before dispute" and "after dispute" account balances of:

77.1.  $822 in February 2018;

77.2.  $656 in March 2018;

77.3.  $690 in April 2018; and

77.4.  $725 in May 2018.

78.  Experian also inaccurately reported the Chase Account had "before dispute" and "after dispute" scheduled payment amounts of $156 every month from February through May 2018.

79. In fact, according to the Experian dispute results, Experian did not update the Chase Account at all in response to Plaintiff's dispute.

### *Experian and Home Point's Continued Inaccurate Reporting*

80. On Experian dispute results dated October 11, 2018, Experian and Home Point inexplicably added payment history showing Plaintiff was 180 past due from January through August 2018.

81. Additionally, Experian and Home Point failed to report Plaintiff had been making timely payments on the Home Point Account from October 2017 through August 2018 in the Account History section of the Experian dispute results dated October 11, 2018.

82. Specifically, on dispute results dated October 11, 2018, Experian and Home Point inaccurately reported "ND" in Home Point Account's "before dispute" and "after dispute" actual amounts paid for the months of May 2018 through August 2018.

### *Defendants' Failures and Plaintiff's Damages*

83. It is inaccurate to report an account balance more than $0 when no account balance is owed.

84. It is inaccurate to report a schedule payment amount when no scheduled payment amount is due or owing.

85. It is inaccurate to report no actual payments when a payment was actually made.

86. It is inaccurate to report a consumer is 180 past due when the consumer has been making timely payments upon an obligation.

87. As evidenced by Experian's inaccurate reporting of account balances, scheduled payment amounts, and past due information for the CapOne Account, Harley Account, Chase Account, and Home Point Account, Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates as required by and in violation of 15 U.S.C. § 1681e(b).

88. As evidenced by the inaccurate re-reporting, Defendants, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

89. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Defendants, as required by and in violation of 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

90. Due to Defendants failure to reasonably investigate, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

91. Experian's continued inaccurate and negative reporting of the CapOne Account, Harley Account, and Chase Account, in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

92.  Defendants' continued inaccurate and negative reporting of the Home Point Account in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

93.  Also as a result of Defendants continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including, without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness, damage to Plaintiff's credit reputation and emotional distress.

94.  By inaccurately reporting account information after notice and confirmation of its errors, Defendants failed to take the appropriate measures as required under 15 U.S.C. § 1681i and/or 15 U.S.C. § 1681s-2(b).

## FIRST CAUSE OF ACTION
## THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681 *ET SEQ.* (FCRA)

95.  Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

96.  The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

97.  As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. §1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

98.  As a result of each and every willful violation of the FCRA, Plaintiff is entitled
     to actual damages or damages of not less than $100.00 and not more than
     $1,000.00, pursuant to 15 U.S.C. §1681n(a)(1)(A); punitive damages as the
     court may allow, pursuant to 15 U.S.C. §1681n(a)(2); and reasonable attorney's
     fees and costs pursuant to 15 U.S.C. §1681n(a)(3) from Defendants.

### REQUEST FOR JURY TRIAL

99.  Pursuant to the Seventh Amendment to the Constitution of the United States
     of America, Plaintiff is entitled to, and demands, a trial be jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the
following relief against Defendants:

1. A declaratory judgment that Defendants' actions as discussed herein are
   unlawful and an invasion of privacy;

2. Plaintiff's actual damages;

3. Statutory damages of not less than $100 and not more than $1,000.00 to
   Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(1), against each Defendant;

4. An award of costs of litigation and reasonable attorney's fees, pursuant to
   15 U.S.C. §§ 1681n(a)(3), against Defendants; and

5. Any other relief the Court may deem just and proper.

**HYDE & SWIGART**

Date: May 24, 2019

By:/s/ Anthony Chester
    Anthony P. Chester (Bar No. 0396929)
    Robert L. Hyde (Bar No. 035109X)
    **HYDE & SWIGART**
    120 South 6th Street, Suite 2050
    Minneapolis, MN 55402
    Telephone:  (952) 225-5333
    Facsimile:  (800) 635-6425
    Email: tony@westcoastlitigation.com

    *Attorneys for Nicole Foss*

## ACKNOWLEDGEMENT

The undersigned acknowledges that sanctions may be imposed pursuant to

Minn. Stat. § 549.211.

**HYDE & SWIGART**

Date: May 24, 2019

By:/s/ Anthony Chester
    Anthony P. Chester (Bar No. 0396929)
    Robert L. Hyde (Bar No. 035109X)
    **HYDE & SWIGART**
    120 South 6th Street, Suite 2050
    Minneapolis, MN 55402
    Telephone:   (952) 225-5333
    Facsimile:   (800) 635-6425
    Email: tony@westcoastlitigation.com
    *Attorneys for Nicole Foss*